UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIO ALONSO SAENZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-23-CV-40-FB (HJB) |
| | § | |
| UNITED PARCEL SERVICE, INC, and | § | |
| UNITED LOGISTICS, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are Defendants' Opposed Joint Motion to Exclude and Strike Plaintiff's Non-Retained Experts (Docket Entry 67), and Defendants' Joint Motion to Exclude and Strike Plaintiff's Experts Todd Cowen, William Davenport, and Harold Asher (Docket Entry 86). Pretrial and scheduling matters in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). (*See* Docket Entry 8.)

A hearing was held on the above motions on March 7, 2024. In accordance with the Court's rulings at the hearing, it is hereby **ORDERED** as follows:

(1) Defendants' Opposed Joint Motion to Exclude and Strike Plaintiff's Non-Retained Experts (Docket Entry 67) is **GRANTED IN PART**, and **DENIED WITHOUT PREJUDICE IN PART**, and **DENIED AS MOOT IN PART**, as follows:

  (a) As to designated expert Aaron Ramirez, the presentation of the expert's testimony in Plaintiff's case on direct examination is limited to the witness's observations and opinions as reflected in the police report he provided regarding the incident.

  (b) As to the healthcare professionals identified by name in Plaintiff's expert disclosure, Defendants' motion is **GRANTED** with respect to (1) opinion

testimony concerning Plaintiff's future medical care, future treatment, and future restrictions, and (2) any other opinion not reflected in the medical records previously disclosed in this case.   The motion is otherwise **DENIED WITHOUT PREJUDICE** as to these non-retained experts; however, Plaintiff must, **on or before March 28, 2024**, provide a supplemental designation with additional specific information as to the testimony to be provided by each such expert, with specific reference to the medical records underlying each expert's opinion.   Should Defendants seek additional discovery, including deposition testimony, from any of these experts, they must conduct such discovery **on or before May 28, 2024**.

(c) As to designated experts Michael Carney, American Health Imaging, and South Texas Radiology Imaging Centers, the motion is **DENIED AS MOOT**, as there is no basis to conclude that these witnesses will present expert testimony within the scope of Federal Rule of Evidence 702.

(2) Defendants' Opposed Joint Motion to Exclude and Strike Plaintiff's Experts Todd Cowen, William Davenport, and Harold Asher (Docket Entry 86) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**, as follows:

(a) Plaintiff must, **on or before May 28, 2024**, make Dr. Cowen available for an additional deposition. Plaintiff is responsible for the expert's expenses regarding that deposition.

(b) The remainder of the relief requested is **DENIED WITHOUT PREJUDICE**

to reurging after the additional deposition is taken.[1]

(c) The dispositive motions deadline is **EXTENDED** to **June 28, 2024**.

**SIGNED** on March 7, 2024.

Henry J. Bemporad
United States Magistrate Judge

---

[1] The Court notes that, at the hearing, the parties agreed (1) that Plaintiff would also pay for Dr. Cowen's expenses associated with his first deposition, and (2) that expenses for violation of Federal Rule of Civil Procedure 26 should not be awarded, notwithstanding the Court's finding that Defendants would be entitled to such expenses. In light of the parties' agreements, the Court does not address these issues further.